UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DANIEL J. PAGAN,

            Plaintiff,

        -v-

LYFE BRAND, LLC, et al.,

            Defendant
------------------------------------x

MEMORANDUM OPINION AND
ORDER

16-CV-00338 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Daniel J. Pagan filed a complaint on January 15, 2016 against Lyfe Brand, LLC and the Garment Group, Inc., (collectively, "Defendants") for trademark infringement pursuant to 15 U.S.C. § 1051 *et seq.*, 16 U.S.C. §§ 1114-16; and Sections 43(a) and 43(c) of the Trademark Act, 15 U.S.C. §§ 1225(a), (c). (Complaint, (ECF No. 1).) The Clerk of Court issued a summons the very same day. On January 19, 2016, this Court referred this action to Magistrate Judge Netburn for general pretrial supervision and to report and recommend on any dispositive motions. (Order of Reference to a Magistrate Judge, (ECF No. 2).)

On May 20, 2016, Magistrate Judge Netburn issued an order informing Pagan that, under Federal Rule of Civil Procedure 4(m), he was required to serve Defendants within 90 days of the issuance of the summons—*i.e.*, by April 14, 2016. (Order, (ECF No. 5).) Since that deadline had passed, the order directed Pagan to file a letter explaining whether he had served Defendants and, if not, explaining the basis for his failure to do so. (*Id.*) Additionally, the order informed Pagan that his failure to have served Defendants or otherwise account for any such failure might result in the dismissal of his claims. (*Id.*) Pagan failed to comply with the order to file such a letter.

1

On June 24, 2016, Magistrate Judge Netburn issued a Report and Recommendation, recommending that this Court dismiss the Complaint without prejudice due to Pagan's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Report and Recommendation, (ECF No. 6), at 1.) After setting forth the relevant factors a court must consider when deciding whether to dismiss an action for failure to prosecute, Magistrate Judge Netburn noted that Pagan had not filed any papers for a period of over five months. (*Id.* at 2-3.) She also noted that her previous order warned Pagan that failure to comply with that order might result in dismissal of his case. (*Id.* at 3.) Furthermore, Magistrate Judge Netburn observed that the Report itself would provide Pagan with additional notice that his claims might be dismissed for failure to prosecute, and that he would have an opportunity to be heard before this Court if he wished to proceed with the action by objecting to the Report. (*See id.* at 4.) Given these factors, Magistrate Judge Netburn recommended that Pagan's complaint be dismissed, albeit without prejudice given his *pro se* status, so that he could refile his complaint within the relevant statute of limitations. (*See id.* at 2, 4.) Finally, the Report informed the parties that failure to file written objections within fourteen days would result in a waiver of those objections for purposes of appeal. (*Id.* at 5-6.) To date, no objections have been filed.

A court "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If clear notice has been given of the consequences of failure to object, and there are no objections, a court may adopt a report without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a

magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Instead, the report may be adopted so long as "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

As there is no clear error on the face of the record, this Court adopts the recommendation set forth in the Report in its entirety. Pagan's claims are DIMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close the above-captioned action.

Dated: July 19, 2016
      New York, New York

SO ORDERED.

JUL 19 2016

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE